**HOFFMANN–LA ROCHE, INC., Appellant,**

v.

**Douglas KWASNIK, et al., Appellees.**

No. 08–02–00137–CV.

Court of Appeals of Texas, El Paso.

March 27, 2003.

Rehearing Overruled May 5, 2003.

David C. Duggins, Clark, Thomas & Winters, P.C., Austin, for Appellant.

David Lee Winston, Winstead Sechrest & Minick, Pc, Gary D. Elliston, Melvin David Bailey, DeHay & Elliston, L.L.P., Dallas, James M. Tompkins, Galloway, Johnson, Tompkins, Barr & Smith, Houston, Joe A. Spencer, Jr., El Paso, Clay M. White, Sammons & Parker, Tyler, David S. Jeans, Ray, Valdez, McChristian & Jeans, El Paso, Roberto Oaxaca, Oaxaca, Bernal & Associates, El Paso, James Mayer Harris, Harris, Lively & Duesler, LLP, Beaumont, Kenneth D. Rhodes, Dunn, Kacal, Adams, Pappas & Law, P.C., Houston, Richard A. Porras, El Paso, Todd N. Wade, Brown McCarroll & Oaks Hartline, Austin, Rhonda Cleaves, Waters & Kraus, L.L.P., Dallas, Robert Wilkinson, Pascagoula, William C. Arnold, Forman, Perry, Watkins, Krutz & Tardy, Dallas, for Appellees.

Before Panel No. 5 BARAJAS, C.J., CHEW, J., and HILL, C.J. (HILL, sitting by assignment).

**OPINION**

RICHARD BARAJAS, Chief Justice.

This is an accelerated, interlocutory appeal from the trial court's denial of Appellant's, Hoffmann–La Roche, Inc., special appearance in a product liability and negligence action. For the reasons stated, we affirm.

## I. SUMMARY OF THE EVIDENCE

Appellees, Douglas Kwasnik, Arliene Pearson, Justin Kwasnik, Vui Kwasnik, Brandon Kwasnik, Andrusha Kwasnik, Xuan Kwasnik, Anya Kwasnik, Lydia Kwasnik, Chad Kwasnik, Tanner Kwasnik, Lauren Kwasnik, Collin Kwasnik, Corrin Kwasnik, Kimberly Voght, and Brian Rosato, allege that Douglas Kwasnik suffered injuries as a result of his exposure to asbestos products and asbestos dust. Appellees sued numerous companies, including Hoffmann–La Roche, where Douglas worked. Hoffmann–La Roche filed a special appearance in which it asserted that the exercise of personal jurisdiction over it did not comport with fair play and substantial justice. Hoffmann–La Roche later amended its special appearance and claimed it lacked minimum contacts with this jurisdiction. After a hearing on the matter, the trial court denied Hoffmann–La Roche's special appearance. This interlocutory appeal follows.

## II. DISCUSSION

Hoffmann–La Roche presents three issues challenging the trial court's denial of its special appearance and one issue challenging the trial court's failure to file findings of facts and conclusions of law.[1] We begin with a discussion of the special ap-

1. Issue No. One challenges the legal sufficiency of the evidence to support the trial court's denial of Hoffmann–La Roche's special appearance. Issue No. Two asks whether the denial of Hoffmann–La Roche's special appearance comports with fair play and substantial justice. Issue No. Three challenges the factual sufficiency of the evidence to support the trial court's finding that jurisdiction exists.

pearances issues. The fourth issue is discussed thereafter.

## A. Special Appearance Issues

Recently, this Court overruled *MacMorran v. Wood*, 960 S.W.2d 891, 894–95 (Tex. App.-El Paso 1997, writ denied) and *In re Estate of Judd*, 8 S.W.3d 436, 440–41 (Tex. App.-El Paso 1999, no pet.) and adopted legal sufficiency as the appropriate standard of review for issues on personal jurisdiction. *See Tuscano v. Osterberg*, 82 S.W.3d 457 (Tex.App.-El Paso, 2002, no pet.) (rejecting both factual sufficiency and abuse of discretion standards of review for questions of personal jurisdiction and adopting legal sufficiency standard).

The Texas Supreme Court recently articulated the standard for reviewing a trial court's order denying special appearance. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, (Tex., 2001). In *BMC Software*, the court agreed with the majority of intermediate courts and held that courts of appeals should review the trial court's factual findings for legal and factual sufficiency and review the trial court's legal conclusions *de novo*. *Id.* at 794. The court expressly disapproved of those cases applying an abuse of discretion standard only. *Id.* The court also noted that when the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* at 795. For legal sufficiency points, the court reiterated that if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Id.* Therefore, we review the trial court's decision on a special appearance under that articulated in *BMC Software*. *Id.*

▮▮▮ Texas courts may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards. *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991). The Texas long-arm statute reaches "as far as the federal constitutional requirements of due process will allow." *Id.* Thus, the Texas long-arm statute requirements are satisfied if exercising jurisdiction comports with federal due process limitations. *Id.* We rely on precedent from the United States Supreme Court as well as our own state's decisions in determining whether a nonresident defendant has met its burden to negate all bases of jurisdiction. *BMC Software*, at 795.

▮▮▮ Under the Due Process Clause of the Fourteenth Amendment, jurisdiction is proper if a nonresident defendant established "minimum contacts" with Texas and maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1940). The purpose of the minimum-contacts analysis is to protect the defendant from being haled into court when its relationship with Texas is too attenuated to support jurisdiction. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990). Accordingly, we focus upon the defendant's activities and expectations in deciding whether it is proper to call it before a Texas court. *Id.*

▮▮▮ The minimum-contacts analysis requires that a defendant "purposefully avail" itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of our laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a

conclusion that the defendant could reasonably anticipate being called into a Texas court. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). A defendant is not subject to jurisdiction here if its Texas contacts are random, fortuitous, or attenuated. *See Guardian*, 815 S.W.2d at 226. Nor can a defendant be haled into a Texas court for the unilateral acts of a third party. *Id.* It is the quality and nature of the defendant's contacts, rather than their number, that is important to the minimum-contacts analysis. *Id.* at 230, n. 11.

 A defendant's contacts with a forum can give rise to either specific or general jurisdiction. For a court to exercise specific jurisdiction over a nonresident defendant, two requirements must be met: (1) the defendant's contacts with the forum must be purposeful, and (2) the cause of action must arise from or relate to those contacts. *Id.* at 227. General jurisdiction, which Appellees assert here, on the other hand, allows a forum to exercise jurisdiction over a defendant even if the cause of action did not arise from or relate to a defendant's contacts with the forum. *Id.* at 228. General jurisdiction is present when a defendant's contacts with a forum are "continuous and systematic," a more demanding minimum-contacts analysis than specific jurisdiction. *Id.*

 The plaintiff bears the initial burden of pleading allegations sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965). But upon filing a special appearance, the nonresident defendant assumes the burden to negate all the bases of personal jurisdiction alleged by the plaintiff. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985). Because Appellees allege that general personal jurisdiction exists, we examine whether Hoffmann–La Roche met its burden of establishing that its contacts with Texas were not continuous and systematic. The pertinent jurisdictional facts are set out below.

 Hoffmann–La Roche was incorporated in 1928 in New Jersey. It has conducted business in and availed itself to the benefits of Texas since the 1950's, when it first applied for authority to conduct business in Texas. Hoffmann–La Roche continues to be licensed to do business in Texas and maintains a registered agent for service of process in Texas, despite the fact that it maintains no office or post office box in Texas. By 1975, Hoffmann–La Roche established a sales force in Texas that directly marketed its products to physicians. Hoffmann–La Roche conceded that until 1996 it owned a plant in Texas and maintained a sales force such that its contacts with Texas were probably sufficient to establish general jurisdiction. Hoffmann–La Roche argues, however, that under a corporate reorganization that occurred in 1996, Roche Labs, Inc. was created and it is that entity which has employees in Texas that directly solicit doctors' interests in Hoffmann–La Roche's pharmaceutical products. It notes that it no longer directly sells its products in Texas, nor does it have any sales employees in Texas. However, Hoffmann–La Roche continues to conduct multiple clinical trials in Texas and it maintains two employees in Texas to monitor these trials. In November 2000, shortly before the underlying suit was filed, Hoffmann–La Roche filed its Texas Franchise Tax Report.

Appellees introduced evidence of a facility in Freeport, Texas, which is a vitamin and fine chemicals plant. The signs outside the facility indicate it is "Roche Vitamin and Fine Chemicals Plant" and the

phone book has a listing under the same name. Appellees also introduced the Roche Group's annual statement, which showed that Hoffmann–La Roche, Inc., is the only "Roche" entity with that name in the United States. Thus, Appellees· argued, it is reasonable to infer that the Freeport facility is owned by Hoffmann–La Roche.

Finally, Appellees argue that Hoffmann–La Roche's products, such as Valium, regularly make their way into the Texas marketplace and such contacts with Texas should be considered under the "stream of commerce" analysis. We, however, agree with Hoffmann–La Roche that Appellees cannot rely on the "stream of commerce" doctrine to establish general jurisdiction in Texas. *See e.g., Lonza A.G. v. Blum,* 70 S.W.3d 184, 191 (Tex.App.-San Antonio 2001, pet. denied).

Considering the evidence which tends to support the trial court's denial of Hoffmann–La Roche's special appearance, we find there is more than a scintilla of evidence to support the finding. Thus, the no evidence challenge fails and Issue No. One is overruled. Likewise, in examining all of the evidence, we find that maintenance of the suit does not offend traditional notions of fair play and substantial justice and that the trial court's finding is not against the great weight and preponderance of the evidence. Issues No. Two and No. Three are overruled.

**B. Findings of Fact and Conclusions of Law Issue**

■ In Issue No. Four, Hoffmann–La Roche contends that the trial court committed harmful error when it failed to enter findings of fact and conclusions of law. We note that Rule 28.1 of the Texas Rules of Appellate Procedure provides that in appeals from interlocutory orders, "[t]he trial court need not, but may—within 30 days after the order is signed—file findings of fact and conclusions of law." TEX.R.APP. P. 28.1. Accordingly, we overrule Issue No. Four.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.·