

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LINDA S. RESTREPO and CARLOS E. RESTREPO d/b/a COLLECTIVELY RDI GLOBAL SERVICES and R&D INTERNATIONAL, | § § § | No. 08-13-00183-CV |
| | § | Appeal from the |
| Appellants, | § | County Court at Law No. 5 |
| v. | § | of El Paso County, Texas |
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § § | (TC# 2012-DCV-04523) |
| Appellee. | § | |

**O P I N I O N**

*Pro se* Appellants Linda and Carlos Restrepo d/b/a collectively RDI Global Services and R&D International (collectively "the Restrepos") seek interlocutory review of the trial court's orders (1) denying their request for a special appearance, (2) denying their request for findings of fact and conclusions of law, (3) denying an emergency motion for reconsideration and clarification, (4) overruling their objection to the court's decision to hear the case by submission, and (5) scheduling the case for a bench trial and a hearing on sanctions against Appellee Alliance Riggers & Constructors, Ltd. ("Alliance") on August 9, 2013. We note that we are without interlocutory jurisdiction to consider Issues Two through Five, since review of those orders is not

specifically provided for by statute. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 et seq. (West 2013)(setting out proper grounds for interlocutory appeal). As such, we dismiss those issues.

In reviewing Issue One under TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(7) (establishing interlocutory appeals for special appearance orders), we find that the Restrepos' challenge to the special appearance order is wholly without merit. A Rule 120a special appearance is a vehicle used to challenge the court's personal jurisdiction where a party is a non-resident who is not amenable to state process under the Texas Long-Arm Statute and federal constitutional limits. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). A special appearance may not be used to challenge subject matter jurisdiction. *Oliver v. Boutwell*, 601 S.W.2d 393, 395 (Tex.Civ.App.--Dallas 1980, no writ). "Whether a court has personal jurisdiction over a defendant is a question of law." *BMC Software Belgium, N.V.*, 83 S.W.3d at 794. "When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied." *Id*. at 795.

Here, there is more than enough evidence to support the trial court's implied finding that the Restrepos are subject to personal jurisdiction in the state of Texas. The Restrepos provided an address in El Paso, Texas, in their answer where they may be served with process. The signature block on numerous filings indicate that they have an El Paso address, and an invoice from their business indicates the Restrepos operate their business out of El Paso. This is sufficient to support the trial court's implied fact findings that the Restrepos are amenable to process under TEX.R.CIV.P. 120 as residents of El Paso, Texas, and thus subject to the court's personal jurisdiction. The appellants' complaints about subject-matter jurisdiction are not

justiciable on appellate review at this stage of the proceedings. *See Oliver*, 601 S.W.2d at 395. Issue One is overruled.

In a cross-point, Alliance moved for sanctions under TEX.R.APP.P. 45 on the basis that the Restrepos' appeal on the issue of special appearance was frivolous, given that all parties reside in El Paso, Texas, and are clearly amenable to state process. We note that the Restrepos have filed at least two other appeals in this case seeking interlocutory review of unreviewable pretrial orders, which we summarily dismissed. *See Restrepo v. Alliance Riggers & Constructors, Ltd.*, 08-13-00007-CV, 2013 WL 1033285 (Tex.App.--El Paso Mar. 13, 2013, no pet.)(mem. op.)(dismissing appeal from denial of motion to dismiss for want of prosecution); *Restrepo v. Alliance Riggers & Constructors, Ltd.*, 08-13-00153-CV, 2013 WL 3943066 (Tex.App.--El Paso July 24, 2013, no pet.)(mem. op.)(dismissing appeal from grant of Alliance's motion to compel requests for production and interrogatories). However, given that Appellants are indigent, acted *pro se*, and operated under the mistaken belief that Alliance's trademark claim before the United States Patent and Trademark Office precluded state court jurisdiction, we decline to impose sanctions.

Alliance's request for Rule 45 sanctions is denied. We affirm the trial court's judgment on Issue One, and dismiss Issues Two through Five for want of jurisdiction.


February 28, 2014
                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge)(Sitting by Assignment)

3