COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| LINDA S. RESTREPO AND CARLOS E. RESTREPO D/B/A COLLECTIVELY RDI GLOBAL SERVICES AND R&D INTERNATIONAL, | § § § § § | No. 08-15-00011-CV Appeal from the County Court at Law No. 5 |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC# 2012-DCV-04523) |
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § § | |
| Appellee. | § | |

**MEMORANDUM OPINION**

This is an attempted appeal from a trial court order determining that Appellants, Linda S. Restrepo and Carlos E. Restrepo, are vexatious litigants and requiring them to furnish security for the benefit of Appellee, Alliance Riggers & Constructors, Ltd. (Alliance Riggers). *See* TEX.CIV. PRAC. & REM.CODE ANN. §11.051-.055 (West 2002 & Supp. 2014). Alliance Riggers has filed a motion to dismiss the appeal on the ground that Appellants did not timely file their notice of appeal from the interlocutory order. Additionally, the Clerk sent Appellants notice of the Court's intent to dismiss the appeal for want of jurisdiction because the interlocutory order is not appealable. *See* TEX.R.APP.P. 42.3(a).

Alliance Riggers filed suit against Appellants alleging breach of contract and other

claims. Appellants filed third party claims against several parties. They have pursued several interlocutory appeals and original proceedings in this Court related to the underlying suit. *See, e.g., Restrepo v. Alliance Riggers & Constructors, Ltd.*, No. 08-14-00288-CV, 2014 WL 5800211 (Tex.App.--El Paso November 7, 2014, no pet.) (mem. op.) (dismissing appeal from order denying Restrepos' request for hearing on a motion); *In re Restrepo*, No. 08-14-00292-CV, 2014 WL 5800228 (Tex.App.--El Paso November 7, 2014, orig. proceeding); *Restrepo v. Alliance Riggers & Constructors, Ltd.*, 441 S.W.3d 453 (Tex.App.--El Paso 2014, no pet.)(appeal from order denying special appearance); *Restrepo v. Alliance Riggers & Constructors, Ltd.*, No. 08-13-00007-CV, 2013 WL 1033285 (Tex.App.--El Paso Mar. 13, 2013, no pet.) (mem. op.) (dismissing appeal from denial of motion to dismiss for want of prosecution); *Restrepo v. Alliance Riggers & Constructors, Ltd.*, No. 08-13-00153-CV, 2013 WL 3943066 (Tex.App.--El Paso July 24, 2013, no pet.) (mem. op.) (dismissing appeal from granting of Alliance's motion to compel requests for production and interrogatories). On November 3, 2014, the trial court entered an order granting Alliance Riggers' motion to declare Appellants vexatious litigants. Appellants filed notice of appeal from that order on January 14, 2015, and Alliance Riggers responded by moving to dismiss the appeal.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC. & REM.CODE ANN. §51.014 (West 2015)(authorizing appeals from certain interlocutory orders). The vexatious litigant order entered by the trial court is an interlocutory order because the claims asserted by the parties in the suit below remain pending. The only question is whether the Legislature has authorized an appeal of the order. The vexatious litigant order entered by the trial court is based on two distinct provisions in

Chapter 11 of the Civil Practice and Remedies Code. First, the trial court determined that Appellants were vexatious litigants and ordered them to post security for the benefit of Alliance Riggers pursuant to §11.051. *See* TEX.CIV.PRAC. & REM.CODE ANN. §11.051 (West 2002). The statute does not authorize an interlocutory appeal from such an order. *See Almanza v. Keller*, 345 S.W.3d 442, 443 (Tex.App.--Waco 2011, no pet.); *Pandozy v. Beaty*, 254 S.W.3d 613, 618 (Tex.App.--Texarkana 2008, no pet.). Thus, Appellants may not challenge this aspect of the order in this interlocutory appeal. Second, the trial court's order also prohibits Appellants from filing, *in propria persona*, any new litigation in any court without obtaining permission from the local administrative judge. *See* TEX.CIV.PRAC. & REM.CODE ANN. §11.101 (West 2002 & Supp. 2014). A pre-filing order is appealable. *See* TEX.CIV.PRAC. & REM.CODE ANN. §11.101(c).

Even though Appellants have a statutory right to appeal the pre-filing order, they did not timely file their notice of appeal. By rule, interlocutory appeals are accelerated. *See* TEX.R.APP.P. 28.1. Appellants' notice of appeal from the November 3, 2014 order was due to be filed no later than November 23, 2014. TEX.R.APP.P. 26.1(b)(in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed). Filing a motion for new trial, any other post-trial motion, or a request for findings of fact does not extend the time to perfect an accelerated appeal. TEX.R.APP.P. 28.1(b). An appellate court is authorized to extend the time to file the notice of appeal but the appellant must file the notice of appeal within 15 days after the deadline. TEX.R.APP.P. 26.3. Appellants did not file their notice of appeal until January 14, 2015, more than 15 days after the deadline. Because Appellants did not file their notice of appeal or a motion for extension of time within the time specified by the Rules of Appellate Procedure, this Court does not have jurisdiction over the appeal. Accordingly, we grant Alliance Riggers' motion and dismiss the appeal for want of jurisdiction. All pending

- 3 -

motions are denied as moot.  *See* TEX.R.APP.P. 42.3(a).


                                        ANN CRAWFORD McCLURE, Chief Justice

March 4, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating