

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00296-CV

———————————————

P. CHYBA, Appellant

V.

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-AC6 ASSET-BACKED CERTIFICATES, SERIES 2005-AC6, Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-276121-14

Before Kerr, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

P. Chyba, a non Texas resident, appeals pro se from the trial court's order denying her special appearance. *See* Tex. R. Civ. P. 120a. She challenges the trial court's ruling on the merits, and she also contends that the trial court's lack of response to her request for findings of fact and conclusions of law precludes her from properly presenting her appeal. *See* Tex. R. App. P. 44.4. We overrule her issues and affirm.

## Background

US Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC6 Asset-Backed Certificates, Series 2005-AC6 (US Bank), sued Chyba—the maker of a purchase money loan for real property located in Grand Prairie, Texas—to foreclose on the securing deed of trust filed in the Tarrant County property records. Chyba, a non Texas resident, filed two unverified special appearances, in which she alleged that the trial court lacked jurisdiction over her and that the suit instead belonged in federal court for diversity jurisdiction. Chyba did not remove the case to federal court.

Instead, Chyba filed a third special appearance raising the same issues, for which she later filed a "Verified Memorandum of Points and Authorities in Support of Defendant's Special Appearance" and "Affidavit in Support of Defendant's Special

2

Appearance."[1] The trial court set the special appearance for determination on written submission and denied it. Chyba appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7).

In three issues, Chyba challenges (1) the trial court's determination that it has personal jurisdiction over her, (2) the lack of findings of fact and conclusions of law, and (3) the trial court's jurisdiction over US Bank. We affirm.

**Lack of Findings Not Fatal**

In her second issue, which we will consider first, Chyba claims that the trial court reversibly erred by failing to file findings of fact and conclusions of law, preventing her from being able to properly present her issues on appeal. *See* Tex. R. App. P. 44.4.

Although Chyba timely filed a request for findings of fact and conclusions of law and a notice of past due findings, *see* Tex. R. Civ. P. 296, 297, the trial court was not obligated to file them because its special appearance ruling is an interlocutory order. *See* Tex. R. App. P. 28.1(c); *Simmons v. Boyd Gaming Corp.*, No. 09-16-00470-CV, 2017 WL 3298233, at *4–5 (Tex. App.—Beaumont Aug. 3, 2017, pet. denied) (mem. op.); *Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387, 428 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (op. on reh'g); *Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 868–69 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Hoffman-La Roche, Inc. v.*

---

[1]Chyba filed the third special appearance on January 4, 2018 and the verified authorities and affidavit on August 13, 2018.

*Kwasnik*, 109 S.W.3d 21, 26 (Tex. App.—El Paso 2003, no pet.); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) ("The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court. In other cases findings and conclusions are proper, but a party is not entitled to them.").

Moreover, neither Chyba's special appearance affidavit and verified memorandum nor US Bank's response raises a disputed fact issue. Chyba admits signing the note and deed of trust. She argues that she has no contacts with Texas because she signed the documents in California, because US Bank is not a Texas citizen and does not do business in Texas, and because she did not have any contact with US Bank. These are legal arguments that we review de novo. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010).

Accordingly, we overrule Chyba's second issue.

## Trial Court Properly Denied Special Appearance

In her first issue, Chyba contends that the trial court erred by denying her special appearance.

### Appellate Standard of Review

Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review de novo based on all of the evidence. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016).

4

The plaintiff bears the initial burden to plead sufficient allegations that would permit the trial court to exercise personal jurisdiction over a defendant. *Id.* Once the plaintiff has done so, the defendant bears the burden to negate all potential bases for personal jurisdiction pleaded by the plaintiff. *Id.*

The defendant can negate jurisdiction on a factual basis by presenting evidence that she has no contacts with Texas, effectively disproving the plaintiff's allegations; the plaintiff risks dismissal of its suit if it does not then present the trial court with evidence affirming its jurisdictional allegations and establishing personal jurisdiction over the defendant. *Kelly*, 301 S.W.3d at 659. The defendant can also negate jurisdiction on a legal basis by showing that even if the plaintiff's alleged jurisdictional facts are true, (1) those facts are not sufficient to establish jurisdiction, (2) the defendant's Texas contacts fall short of purposeful availment, (3) the claims do not arise from the defendant's Texas contacts, or (4) exercising jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *Id.*

**Law on Personal Jurisdiction**

A Texas court may assert personal jurisdiction over a nonresident defendant only if the requirements of the Texas long-arm statute and of due process under the Fourteenth Amendment are satisfied. U.S. Const. amend. XIV, § 1; Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041–.045; *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779 (2017); *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016). The Texas long-arm statute permits Texas courts to exercise jurisdiction over a nonresident defendant

who "does business" in Texas, which includes contracting with a Texas resident for performance in whole or in part in the state. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1); *TV Azteca*, 490 S.W.3d at 36. Due process is satisfied when (1) the defendant has established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *TV Azteca*, 490 S.W.3d at 36. In determining whether federal due process requirements have been met, we rely on precedent from the United States Supreme Court and other federal courts, as well as our own state's decisions. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *TravelJungle v. Am. Airlines, Inc.*, 212 S.W.3d 841, 845–46 (Tex. App.—Fort Worth 2006, no pet.).

The United States Supreme Court has distinguished two types of jurisdiction, depending on the types of contacts: general (all-purpose) jurisdiction and specific (case-linked) jurisdiction. *BNSF Ry.*, 137 S. Ct. at 1558. US Bank relies on specific jurisdiction, which a trial court may exercise only if the suit arises out of or relates to the defendant's forum contacts. *Id.* In other words, specific jurisdiction depends on the existence of activity or an occurrence that takes place in the forum state and is therefore subject to its regulation. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011). Specific jurisdiction requires us to analyze jurisdictional contacts on a claim-by-claim basis unless all claims arise from the same

forum contacts. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150–51 (Tex. 2013) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006)).

A plaintiff establishes that a defendant has minimum contacts with a forum by showing that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 886 (Tex. 2017). Three principles govern the purposeful-availment analysis: (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or third person; (2) the defendant's acts must be purposeful and not random, isolated, or fortuitous; and (3) the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction so that it impliedly consents to suit there. *Id.* (quoting *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005)). The defendant's direct acts within Texas or conduct outside of Texas must justify a conclusion that it could reasonably anticipate being called into a Texas court. *Id.*

Even when a nonresident has established minimum contacts with a state, due process permits the state to assert jurisdiction over the nonresident only if doing so comports with traditional notions of fair play and substantial justice. *TV Azteca*, 490 S.W.3d at 55. Typically, "[w]hen a nonresident defendant has purposefully availed itself of the privilege of conducting business in a foreign jurisdiction, it is both fair and just to subject that defendant to the authority of that forum's courts." *Id.* (quoting *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010)). Thus, "[i]f a nonresident has

7

minimum contacts with the forum, rarely will the exercise of jurisdiction over the nonresident not comport with traditional notions of fair play and substantial justice." *Id.* (quoting *Moncrief Oil*, 414 S.W.3d at 154–55).

We nevertheless consider several factors to evaluate the fairness and justness of exercising jurisdiction over a nonresident defendant who is a United States citizen: (1) the burden on the defendant; (2) the interests of the forum in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several nations in furthering fundamental substantive social policies. *Id.* "To defeat jurisdiction, [the defendant] must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Id.* (quoting *Spir Star,* 310 S.W.3d at 878–79).

**Pleadings**

US Bank's third amended petition, filed in August 2018, alleges that Chyba purchased a home in Grand Prairie, Texas, in June 2005, using loaned funds from PointBank, a Texas bank with an address in Denton. According to the petition, Chyba signed a $119,524 promissory note as borrower and a deed of trust securing repayment of the note. US Bank further alleged that Mortgage Electronic Registration Systems, Inc. (MERS), as PointBank's nominee, was assigned as the deed of trust's trustee and that MERS further assigned the deed of trust to US Bank in December 2010.

US Bank alleged that note payments had been past due since September 2010, that it had notified Chyba of the default and its intent to accelerate the debt, and that it had subsequently accelerated the debt. US Bank attached copies of the property's deed, the note, the deed of trust, the assignments, and the notice of default to the petition.

Chyba's special appearance alleged that US Bank had failed to plead any facts showing personal jurisdiction because neither party had signed the documents while physically located in Texas and because of US Bank's lack of Texas citizenship.

In its response, US Bank alleged the same facts that it had alleged in its third amended petition. It additionally alleged that in 2011 Chyba had conveyed the property to a third party, Clif Source, LLC. Neither US Bank nor Chyba alleged or provided evidence that Chyba's obligations under the note or deed of trust had been assigned to Clif Source.

As grounds for jurisdiction, US Bank alleged that Chyba had "purposefully availed herself of the privilege of conducting activities within the State of Texas" because (1) she purchased property in Texas, (2) the loan agreement "was created in Texas, subject to the laws of the State of Texas," (3) Chyba was to make payments on the note in Texas, and (4) the deed of trust—conveying the Texas real property to MERS in trust for the purpose of securing the debt—is recorded in the Tarrant County, Texas property records. US Bank attached copies of the deeds to Chyba and Clif Source, the note with an allonge showing its transfer to US Bank, the deed of

9

trust, and assignments of the deed of trust beginning with MERS, as PointBank's nominee, through US Bank. The deed of trust establishes both federal and Texas law as governing the document.

**Trial Court Had Specific Jurisdiction**

The undisputed evidence shows that Chyba entered into a note and deed of trust with a Texas bank, PointBank, so that she could purchase real property in Texas; that she was the record owner of the Texas real property from 2005 through 2011; that the deed of trust was recorded in the Tarrant County real property records and contained a Texas choice of law provision; that Chyba remains liable on the note and deed of trust; that before transfer of the note to a different lender, payments were to be made to PointBank at an address in Denton, Texas; that she transferred her ownership in the property via a special warranty deed recorded in the Tarrant County property records; and that the foreclosure remedy sought by US Bank pursuant to the deed of trust must be in accordance with Texas law and, therefore, occur in Texas. *See* Tex. Prop. Code Ann. § 51.002(a), (h). Not only do these facts satisfy Texas's long-arm statute, they also show that the cause of action arises from Chyba's purposeful Texas contacts and will resolve property interests in Texas.

Thus, we hold that the trial court's exercise of specific jurisdiction over Chyba is appropriate. *See Gurley v. Lindsley*, 459 F.2d 268, 278–79 (5th Cir. 1972) (holding that specific jurisdiction shown when cause of action arose from Texas property ownership and would resolve ownership-related issues); *Retamco Operating, Inc. v.*

*Republic Drilling Co.*, 278 S.W.3d 333, 339–41 (Tex. 2009) (holding that specific jurisdiction was proved when nonresident defendants purchased property interests in Texas even while not physically present in the state and substantial connection existed between contacts and litigation); *Hoskins v. Ricco Family Partners, Ltd.*, Nos. 02-15-00249-CV, 02-15-00253-CV, 2016 WL 2772164, at *7 n.3 (Tex. App.—Fort Worth May 12, 2016, no pet.) (mem. op.); *Citrin Holdings, LLC v. Minnis*, 305 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (discussing importance of contract's place of performance and noting that although a choice of law provision is not dispositive, it is a factor to consider in determining specific jurisdiction over a contract dispute).

Moreover, the trial court's exercising jurisdiction over Chyba does not offend due process. Although Chyba asserts that "it would be excessively burdensome, inconvenient[,] and extremely costly to fly to Texas," she signed a contract agreeing to the application of Texas law, Texas has a significant interest in the dispute's resolution, and US Bank must seek its relief regarding the property in Texas. Thus, Chyba has not made a compelling case that exercising jurisdiction over her would be unreasonable and therefore offend due process. *See Williams v. Pichichero*, No. 04-06-00211-CV, 2006 WL 2263909, at *6 (Tex. App.—San Antonio Aug. 9, 2006, no pet.) (mem. op.).

Accordingly, we overrule Chyba's first issue.

## US Bank's Standing Not Relevant in This Appeal

In her third issue, Chyba argues that the trial court's special appearance ruling is incorrect because US Bank, which is not a Texas resident, has no standing to file suit in a Texas court.[2] US Bank's standing is not relevant to our analysis of the trial court's special appearance ruling. *See* Tex. R. Civ. P. 120a ("[A] special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant *on the ground that such party or property is not amenable to process issued by the courts of this State.*" (emphasis added)); *Haley v. Harris Cty.*, No. 14-11-01051-CV, 2012 WL 4955257, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2012, no pet.) (mem. op.); *Tex. Commerce Bank Nat'l Ass'n v. Interpol '80 Ltd. P'ship*, 703 S.W.2d 765, 774–75 (Tex. App.—Corpus Christi 1985, no writ). Thus, subject matter jurisdiction is not justiciable on appellate review from such a ruling. *See Morse v. Fed. Nat'l Mtg. Ass'n*, No. 05-17-00186-CV, 2017 WL 2774464, at \*1 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.); *Restrepo v. Alliance Riggers & Constructors, Ltd.*, 441 S.W.3d 453, 454–55 (Tex. App.—El Paso 2014, no pet.).

We overrule Chyba's third issue.

---

[2]She also reasserts that the trial court erred by determining it had personal jurisdiction over her as a nonresident.

## Conclusion

Because we have overruled all of Chyba's issues, we affirm the trial court's order denying Chyba's special appearance.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 6, 2019

13